UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C. R. K'NAPP,         ) | 1:06-cv-01701-LJO-GSA-PC |
|                            ) | |
| Plaintiff,           ) | FINDINGS AND RECOMMENDATIONS |
|                            ) | RECOMMENDING DENIAL OF |
| v.                   ) | MOTION FOR INJUNCTIVE RELIEF |
|                            ) | (Doc. 14.) |
| D. G. ADAMS, et al.,       ) | |
|                            ) | OBJECTIONS, IF ANY, DUE IN THIRTY |
|                            ) | DAYS |
| Defendants.          ) | |
|                            ) | |

## I.      BACKGROUND

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On August 25, 2008, plaintiff filed a motion for injunctive relief, requesting a court order directing the California Department of Corrections and Rehabilitation ("CDCR") to ensure that "from now on" plaintiff is allowed ten hours per week of physical access to the updated collection of federally mandated law books; that plaintiff's medically necessary personal word-processing typewriter always remains in his possession, even in Administrative Segregation; and that all of plaintiff's active case materials remain in his possession, even in Administrative Segregation.  Plaintiff also requests a court order declaring plaintiff's rights and the CDCR's obligations; declaring that Salinas Valley State Prison ("SVSP") appeals coordinators made plaintiff's administrative remedies unavailable to him; and declaring that plaintiff will suffer irreparable injury if he is required to attempt further exhaustion of his administrative remedies in this action.

## II.  PRELIMINARY INJUNCTION

### A.  Legal Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### B.  Discussion

In his motion for injunctive relief, plaintiff requests a court order directing the CDCR to ensure his future rights to personal property and access to the law library, and a court order declaring his rights, the CDCR's obligations, that SVSP appeals coordinators caused administrative remedies to be unavailable to acted against him, and that he will suffer irreparable injury if required to further exhaust administrative remedies. This action currently proceeds on plaintiff's second amended complaint filed November 13, 2008, which awaits screening by the court pursuant to 28 U.S.C. § 1915. The court has made a cursory review of the second amended complaint and finds that plaintiff brings claims that personnel at the California Substance Abuse Treatment Facility, where plaintiff was previously


## II.  PRELIMINARY INJUNCTION

### A.  Legal Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### B.  Discussion

In his motion for injunctive relief, plaintiff requests a court order directing the CDCR to ensure his future rights to personal property and access to the law library, and a court order declaring his rights, the CDCR's obligations, that SVSP appeals coordinators caused administrative remedies to be unavailable to acted against him, and that he will suffer irreparable injury if required to further exhaust administrative remedies. This action currently proceeds on plaintiff's second amended complaint filed November 13, 2008, which awaits screening by the court pursuant to 28 U.S.C. § 1915. The court has made a cursory review of the second amended complaint and finds that plaintiff brings claims that personnel at the California Substance Abuse Treatment Facility, where plaintiff was previously

incarcerated, violated his rights under the First and Fourteenth Amendments when they retaliated against him, interfered with his access to the courts, obstructed his incoming and outgoing mail, and failed to follow correct prison grievance procedures. Because an order directing the CDCR to ensure plaintiff's rights "from now on" or a declaratory order regarding plaintiff's rights, the CDCR's responsibilities, past conduct by SVSP personnel, and plaintiff's possible injuries if he is required to exhaust administrative remedies would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the orders sought by plaintiff. Therefore, the court finds that plaintiff's motion must be denied.

### III.    CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for injunctive relief, filed August 25, 2008, be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:    **January 16, 2009**              /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE