UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | 1:06-cv-01701-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| D. G. ADAMS, et al., | (Doc. 66.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

Plaintiff, Eric Charles Rodney K'napp ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Original Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Sergeant ("Sgt.") C. Pugliese, Lieutenant ("Lt.") E. Smith, K. Motty, R. Guerrero, E. Meaders, Sgt. B. Johnson, Captain D. Cuevas, Lt. J. T. Tucker, Associate Warden S. Sherman, D. Selvy (Classification Services Representative), and Does 1-5 (Mailroom Workers) for retaliating against Plaintiff, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5 (Mailroom Workers) for interfering with his right to send mail

1

in violation of the First Amendment.[1] (Doc. 16.) Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California.

On February 25, 2011, Plaintiff filed a motion for preliminary injunctive relief via a court order directing prison officials at SATF to accommodate his medically verified physical and mental disabilities, to allow him access to the courts, and to cease ongoing violations of the constitution and federal and state laws. (Doc. 66.) Specifically, Plaintiff requests to remain single-celled because of a mental condition; to be allowed access to a word-processing typewriter because of a physical impairment making it difficult for him to write documents by hand; to return his legal materials and allow him to keep them in his cell; to allow him access to his entire Health Record and Central File; to consider allowing new inmates at least four hours per week at the law library; to provide him with copies of documents exceeding fifty pages; to allow him unlimited telephone privileges; to allow him to receive Priority First Class mail; to repair or replace lamps which make loud noises; and to provide him with a clean pillow and two laundry bags. Id. Plaintiff's motion for preliminary injunction is now before the Court.

## II.    PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,

---

[1] All other claims and defendants were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim. (Doc. 29.)

454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id.</u>  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order directing prison officials at SATF to act.  However, the order requested by Plaintiff would not remedy any of the claims upon which this action proceeds.  This action is proceeding against defendants for retaliation and for interfering with Plaintiff's outgoing mail, based on events occurring before he filed this action in November 2006.  Plaintiff now requests a court order protecting him from present and future actions.  Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunction, filed February 25, 2011, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 23, 2011**              /s/ Gary S. Austin
                                                    UNITED STATES MAGISTRATE JUDGE

3