# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C. R. K'NAPP, | 1:06-cv-01701-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION FOR RECONSIDERATION |
| vs. | (Doc. 83.) |
| D. G. ADAMS, et al., | ORDER GRANTING FINAL EXTENSION OF TIME TO FILE SUPPLEMENTAL OBJECTIONS |
| Defendants. | |
| / | THIRTY DAY DEADLINE |

**I.   BACKGROUND**

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 22, 2006. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on November 13, 2008, on Plaintiff's claims for retaliation and interference with his right to send mail, in violation of the First Amendment. (Doc. 16.)

On July 25, 2011, the Magistrate Judge denied Plaintiff's motion for extension of time to file supplemental objections, with prejudice. (Doc. 82.) On July 29, 2011, Plaintiff filed a motion for reconsideration by the District Judge. (Doc. 83.)

**II.   MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

1

and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff requests reconsideration of the Magistrate Judge's order denying Plaintiff's motion for extension of time, on the ground that the order incorrectly asserted that "Plaintiff waited more than thirty days after the supplemental objections were due to request an extension of time, and he has not shown excusable neglect for the delay." (Order, Document 82 at 3:16-17.) Plaintiff maintains that his motion for extension of time was not filed untimely, because the supplemental objections were due on July 19, 2011, and the motion was filed on July 20, 2011. Plaintiff's argument has merit. The Court's order of June 16, 2011, established a thirty day deadline for Plaintiff to file supplemental objections. (Doc. 77.) Thus, the supplemental objections were due on or before July 19, 2011.[1] Although Plaintiff's motion for extension of time was filed one day after the July 19, 2011 deadline, the Court deems the motion to be timely under the mailbox rule. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

Under Rule 60(b), the court may relieve a party from an order for mistake. Fed. R. Civ. P. 60(b). Plaintiff has shown clear error and has therefore met his burden as the party moving for reconsideration. Therefore, Plaintiff's motion for reconsideration shall be granted, and Plaintiff shall be granted an extension of time to file supplemental objections. However, in light of the fact that the Magistrate Judge's Findings and Recommendations have been pending for nearly one year, and Plaintiff has had ample opportunity to file objections and supplemental objections, Plaintiff shall not

---

[1] Under Rule 6(d), three days are added after the period would otherwise expire under Rule 6(a). Fed. R. Civ. P. 6(d).

2

be granted further extensions of time to file objections.  Therefore, Plaintiff shall be granted one, final extension of time in which to file supplemental objections to the Magistrate Judge's Findings and Recommendations of August 23, 2010.

**III.    CONCLUSION**

    Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on July 29, 2011, is GRANTED; and
2. Plaintiff is GRANTED one, final extension of time until thirty days from the date of service of this order, in which to file supplemental objections to the Magistrate Judge's Findings and Recommendations of August 23, 2010.

IT IS SO ORDERED.

**Dated:   August 2, 2011**　　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE