IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | 1:06-cv-01701-LJO-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 51.) |
| vs. | |
| D. G. ADAMS, et al., | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST (Doc. 40.) |
| Defendants. | |

Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 23, 2010, findings and recommendations were entered, recommending that Defendants' motion to dismiss for failure to exhaust, filed on February 19, 2010, be granted in part and denied in part. (Doc. 51.) On March 2, 2011, Plaintiff filed objections to the findings and recommendations. (Doc. 67.) On March 8, 2011, the Magistrate Judge entered an order for Defendants to respond to Plaintiff's objections. (Doc. 68.) On May 9, 2011, Defendants filed a reply to the objections. (Doc. 73.) On August 5, 2011, Plaintiff filed supplemental objections. (Doc. 85.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections and supplemental objections, and Defendants' reply to the objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Plaintiff objected at length to the findings and recommendations. Four of Plaintiff's arguments merit a response. First, Plaintiff contends that his April 10, 2005 grievance was not submitted untimely to the Director's Level. Plaintiff maintains that he had fifteen working days in which to submit the appeal, beginning on June 27, 2005, the date he received the Second Level response. Thus, by Plaintiff's account, he had until July 19, 2005 to submit the appeal to the Director's Level.[1] Plaintiff claims he timely "submitted" the appeal when he attempted to mail it, on June 28, July 1, July 12, and July 19, 2005. Plaintiff argues that the appeal was timely because he "submitted" the appeal within 15 working days, in compliance with the regulations, even if the appeals office did not "receive" it within 15 working days. Alternately, Plaintiff argues that if the appeal was received late, it was because defendants obstructed him from completing the process by refusing to provide him with free postage, to which he was entitled. Plaintiff also contends that defendants did not timely supply him with postage-paid envelopes, to which he was entitled, in spite of his requests, and when he attempted to use some of the postage-paid envelopes by stapling them to a larger envelope, defendants removed the stapled envelopes and returned the mail to Plaintiff for lack of postage. Plaintiff's arguments are unavailing. Plaintiff argues that he "submitted" the appeal when he placed it in the outgoing mail. However, the appeal was not "submitted" to the Director if Plaintiff placed it in the mail without postage to mail it. See Woodford v. Ngo, 548 U.S. 81, 86, 126 S.Ct. 2378 (2006) (to exhaust at the third level, inmate "must explain the basis for his or her dissatisfaction on part H or the [appeal form] and *mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days*") (citation omitted; emphasis added); Cal Code Regs., tit. 15, § 3084.6(c). Because the form was not *mailed*, and the fault was

---

[1] June 27, 2000 was a Monday, and Plaintiff had fifteen working days to submit the appeal. Beginning with Tuesday, June 28, 2000, and not counting weekends or July 4th, the deadline to submit the appeal was July 19, 2000.

2

Plaintiff's, the appeal was therefore not *submitted* to the Director on the dates Plaintiff purposely placed it in the outgoing mail without postage.

Second, Plaintiff objects to the Magistrate Judge's finding that many of his appeals did not address defendants' retaliatory conduct because they did not mention retaliation. Plaintiff argues that he is not required to use the term "retaliation," which is a legal term, to put defendants on notice that he is complaining about retaliatory behavior. While the Court agrees that Plaintiff is not required to use the term "retaliation" to put defendants on notice of retaliatory acts, he must use language that would notify defendants that adverse actions were taken against him for a retaliatory reason, for example, because Plaintiff filed inmate appeals. To allege retaliatory action, it is not enough to allege the action without also expressing the retaliatory reason for the action.

Third, Plaintiff contends that some of the Magistrate Judge's recommendations are contrary to the findings, and some of the defendants were not addressed. Any discrepancies shall be resolved by this ruling.

Fourth, Plaintiff argues that it is inconsistent to allow claims for mail interference, but not to allow claims for retaliation by mail interference. Retaliation and mail interference are two separate claims, and the Magistrate Judge found that Plaintiff exhausted his remedies with regard to mail interference, but not with regard to retaliation by mail interference. Therefore, it is not inconsistent to allow Plaintiff's mail interference claims, without allowing his claims for retaliation by mail interference.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on August 23, 2010, are ADOPTED in full;

2. Defendants' motion to dismiss for failure to exhaust, filed on February 19, 2010, is GRANTED in part and DENIED in part;

3. Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal

News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, are DISMISSED from this action for Plaintiff's failure to exhaust remedies;

4. Plaintiff's claims for retaliation against defendants Pugliese, Motty, Guerrero, Meaders, Cuevas, Johnson, and Does 1-5 are DISMISSED from this action for Plaintiff's failure to exhaust remedies;

5. Defendants Meaders, Cuevas, and Johnson are DISMISSED from this action for Plaintiff's failure to exhaust remedies with regard to the claims against them; and

6. This action now proceeds against defendants Pugliese, Smith, Motty, Guerrero, Cooper, Garcia, Hall, and Does 1-5 for interfering with Plaintiff's right to send mail; and against defendants Sherman, Selvy, Adams, Smith, and Tucker for retaliating against him by confining him in Ad-Seg under false pretenses and transferring him to another prison.

IT IS SO ORDERED.

**Dated:    March 9, 2012**                         /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE