UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>             Plaintiff,<br><br>    vs.<br><br>D. G. ADAMS, et al.,<br><br>             Defendants. | 1:06-cv-01701-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS GARCIA AND GUERRERO<br>(Docs. 96, 99.) |

**I.      BACKGROUND**

Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5 (Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1]  (Doc. 16.)

---

[1] On March 12, 2012, defendants Meaders, Cuevas, and Johnson were dismissed from this action by the Court, based on Plaintiff's failure to exhaust remedies against them before filing suit.  (Doc. 88.)  All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim.  (Doc. 29.)

On December 20, 2012, Plaintiff filed a request for entry of default against defendants Garcia and Guerrero, and on January 7, 2013, Plaintiff filed a motion for default judgment against defendants Garcia and Guerrero. (Docs. 96, 99.)

## II.   ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where ... it is entry of default that is being set aside." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

**Plaintiff's Arguments**

Plaintiff argues that default should be entered against defendants Garcia and Guerrero because they failed to plead or otherwise defend in this action as required by the Federal Rules of Civil Procedure. Plaintiff also argues that default judgment should be taken against defendants Garcia and Guerrero because neither of them filed an answer or other defense to the complaint, even though more than sixty days have passed since personal service was effected

upon them. Plaintiff asserts that on October 10 and 12, 2012, the U.S. Marshal personally served defendants Garcia and Guerrero ("Defendants") with process in this action. (Court Docket, Doc. 94.) As of January 7, 2013, the date of Plaintiff's motion for default judgment, Plaintiff asserts that neither of the Defendants had filed an answer or other defense to Plaintiff's complaint pursuant to Rule 12(a)(1)(i), even though more than sixty days had passed.

**Discussion**

On March 14, 2012, the Court issued an order directing the United States Marshal ("Marshal") to serve process in this action upon defendants Guerrero and Garcia. (Doc. 89.) On November 13, 2012, the Court received two USM-285 forms from the Marshal indicating that personal service was effected upon defendants Guerrero and Garcia on October 12, 2012 and October 10, 2012, respectively, which gave the two defendants twenty-one days in which to file an answer or motion under Rule 12 in response to Plaintiff's complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). (Doc. 94.)

More than sixty days passed after service was executed, and defendants Guerrero and Garcia did not file an answer, a motion under Rule 12, or any other response to Plaintiff's complaint. (See Court Docket.) However, on January 2, 2013, and January 9, 2013, respectively, defendants Guerrero and Garcia filed Answers to the complaint. (Docs. 97, 100.) Because defendants Guerrero and Garcia appeared in this action, albeit after their deadlines, by filing Answers on January 2, 2013, and January 9, 2013, the court cannot find that they failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default or default judgment against defendants Guerrero and Garcia.

### III. CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for entry of default against defendants Garcia and Guerrero, filed on December 20, 2012, is DENIED; and

///

///

2. Plaintiff's motion for default judgment against defendants Garcia and Guerrero, filed on January 7, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **June 11, 2013**                             **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE