UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | 1:06-cv-01701-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (Doc. 101.) |
| vs. | |
| D. G. ADAMS, et al., | ORDER REQUIRING DEFENDANTS TO RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS WITHIN THIRTY DAYS |
| Defendants. | |

I.      BACKGROUND

        Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.    Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5 (Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1]  (Doc. 16.)

_____

[1]On March 12, 2012, defendants Meaders, Cuevas, and Johnson were dismissed from this action by the Court, based on Plaintiff's failure to exhaust remedies against them before filing suit.  (Doc. 88.)  All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim.  (Doc. 29.)

1

On June 10, 2013, Plaintiff filed a motion to compel, which is now before the court. (Doc. 101.) Defendants have not filed an opposition or any other response to the motion to compel.

## II.    MOTION TO COMPEL

### A.    <u>Legal Standards</u>

### <u>*Rule 34 - Production of Documents*</u>

Under Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." <u>Clark v. Vega Wholesale Inc.</u>, 181 F.R.D. 470, 472 (D.Nev., 1998) quoting <u>Estate of Young v. Holmes</u>, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." <u>Clark</u>, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

### <u>*Rule 37 - Motions to Compel*</u>

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir.1992) (citing <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and

///

substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B.**     **Plaintiff's Motion to Compel**

Plaintiff seeks to compel a response by Defendants to his First Request for Production of Documents.  Plaintiff asserts that on April 2, 2013, he served his "First Rule 34 Request for Production of Documents" ("Request") upon Defendants' counsel.  (Motion, Doc. 101 at 1 ¶2.) Plaintiff asserts that more than forty-five days later, he has not received any response to the Request, including a request seeking additional time to respond.

**Discussion**

Pursuant to the court's scheduling order entered on January 4, 2013, the parties were advised that "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served."  (Order, Doc. 98 at 1 ¶2.)  Thus, if Defendants have not served responses to Plaintiff's Request, Defendants have failed to comply with the court's order, and their response is overdue.  Plaintiff's motion to compel shall be granted, and Defendants shall be required to respond to Plaintiff's Request within thirty days, or sanctions may be imposed.

**III.**   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to compel, filed on June 10, 2013, is GRANTED;

2.     Defendants are required to serve a response to Plaintiff's "First Rule 34 Request for Production of Documents," which was served upon Defendants on April 2, 2013, within thirty days of the date of service of this order; and

3.     If Defendants fail to comply with this order, sanctions may be imposed.

IT IS SO ORDERED.

Dated:   **August 2, 2013**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE