UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. G. ADAMS, et al.,<br><br>    Defendants. | 1:06-cv-01701-LJO-GSA-PC<br><br>ORDER CLOSING DISCOVERY<br><br>ORDER FOR DEFENDANTS TO FILE OPPOSITIONS OR NOTICES OF NON-OPPOSITION TO PLAINTIFF'S FOUR MOTIONS TO COMPEL, BY <u>JANUARY 24, 2014</u><br>(Docs. 108, 109, 110, 113.)<br><br>ORDER EXTENDING DEADLINE TO FILE PRETRIAL DISPOSITIVE MOTIONS, FOR ALL PARTIES<br>(Doc. 98.)<br><br>**<u>New Deadline for Filing Pretrial Dispositive Motions</u>:**<br><br>**<u>April 30, 2014</u>** |

**I.    BACKGROUND**

Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff

by confining him in Ad-Seg under false pretenses and transferring him to another prison, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5 (Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1]  (Doc. 16.)

On January 4, 2013, the court issued a Scheduling Order establishing pretrial deadlines for the parties, including a deadline of September 4, 2013 to complete discovery.  (Doc. 98.) The discovery deadline has not been extended; however, Defendants requested and were granted two extensions of time to respond to Plaintiff's Requests for Admissions, causing their responses to be due after the discovery deadline had expired.  (Docs. 103, 105, 106, 107.)

Now pending are four motions to compel filed by Plaintiff:

(1) On September 23, 2013, Plaintiff filed a motion to compel Defendants to produce documents in response to Plaintiff's First Request for Production of Documents. (Doc. 108.);

(2) On October 28, 2013, Plaintiff filed a motion for the court to deem all challenged statements in Plaintiff First Request for Admissions admitted, or in the alternative, to compel Defendants to make further responses to Plaintiff's First Request for Admissions. (Doc. 109.);

(3) On November 4, 2013, Plaintiff filed a motion for the court to deem all challenged statements in Plaintiff Second Request for Admissions admitted, or in the alternative, to compel Defendants to make further responses to Plaintiff's Second Request for Admissions. (Doc. 110.); and

---

[1] On March 12, 2012, Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, were dismissed by the Court based on Plaintiff's failure to exhaust remedies before filing suit. (Doc. 88.)  The Court also dismissed defendants Meaders, Cuevas, and Johnson from this action, based on Plaintiff's failure to exhaust remedies for the claims against them before filing suit.  (Id.)   All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim.  (Doc. 29.)

(4)  On November 25, 2013, Plaintiff filed a motion for the court to deem all challenged statements in Plaintiff Third Request for Admissions admitted, or in the alternative, to compel Defendants to make further responses to Plaintiff's Third Request for Admissions.  (Doc. 113.)

Defendants have not file oppositions or any other response to the pending motions to compel.

## II.  DISCOVERY IS CLOSED

Discovery is now closed in this action.  The deadline for the completion of discovery, including the filing of motions to compel, established by the court's Scheduling Order of January 4, 2013, expired on September 4, 2013.  (Doc. 98.)   In light of the fact that Defendants were granted two extensions of time to respond to Plaintiff's Requests for Admissions, causing their responses to be due after the September 3, 2013 deadline, the court shall accept Plaintiff's four late motions to compel and deem them timely.  However, no further motions to compel shall be accepted as timely in this action, and the parties are precluded from conducting further discovery.

## III.  OPPOSITON TO MOTIONS TO COMPEL

Defendants have not filed any opposition or other response to Plaintiff's four pending motions to compel.  At this juncture, Defendants shall be required to file an opposition, or notice of non-opposition, to each of Plaintiff's four motions.  Defendants shall be granted until January 24, 2014 to file their responses.  The court also finds good cause to extend the deadline for filing dispositive motions, for all parties, until April 30, 2014.

## IV.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Discovery in this action is now closed;
2.  Defendants are required to file an opposition, or notice of non-opposition, to each of Plaintiff's four pending motions to compel discussed above, by January 24, 2014;

3. The deadline for filing pretrial dispositive motions is extended to <u>April 30, 2014</u>, for all parties to this action; and

4. All other provisions of the court's Scheduling Order issued on January 4, 2013, remain the same.

IT IS SO ORDERED.

Dated:   **December 6, 2013**                    **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE