UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>D. G. ADAMS, et al.,<br><br>　　　　Defendants. | 1:06-cv-01701-LJO-GSA-PC<br><br>ORDER FOR DEFENDANTS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FULLY COMPLY WITH COURT ORDER<br>(Doc. 115.)<br><br>THIRTY DAY DEADLINE |

**I.　　BACKGROUND**

　　　Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff by confining him in Ad-Seg under false pretenses and transferring him to another prison, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5

(Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1] (Doc. 16.)

On December 9, 2013, the court issued an order requiring Defendants to file an opposition or notice of non-opposition to each of Plaintiff's four pending motions to compel, by January 24, 2014. (Doc. 115.) On January 23, 2014, Defendants filed an opposition to three of Plaintiff's pending motions to compel. (Doc. 116.) However, to date Defendants have not filed a response to Plaintiff's September 23, 2013 motion to compel. (Court Record.)

## II.  SANCTIONS

Federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-66 (1980). The Court may assess attorney fees or other sanctions under its inherent power for the "wilful disobedience of a court order." Chambers, 501 U.S. at 45; Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975). A fee award under the Court's inherent power is meant to vindicate judicial authority, rather than to provide a substantive remedy to an aggrieved party: "The wrong done was to the court." Mark Industries, Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 733 (9th Cir. 1995).

Defendants shall be granted thirty days in which to show cause why sanctions should not be imposed for their failure to fully comply with the court's order of December 9, 2013.

## III.  ORDER

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of service of this order, Defendants shall respond to this order, showing cause why sanctions

---

[1] On March 12, 2012, Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, were dismissed by the Court based on Plaintiff's failure to exhaust remedies before filing suit. (Doc. 88.) The Court also dismissed defendants Meaders, Cuevas, and Johnson from this action, based on Plaintiff's failure to exhaust remedies for the claims against them before filing suit. (Id.) All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim. (Doc. 29.)

should not be imposed for their failure to file an opposition or notice of non-opposition to Plaintiff's September 23, 2013 motion to compel, as required by the court's order of December 9, 2013.

IT IS SO ORDERED.

Dated:   **February 5, 2014**                              **/s/ Gary S. Austin**
                                                                                     UNITED STATES MAGISTRATE JUDGE