UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>  Plaintiff,<br><br>  vs.<br><br>D. G. ADAMS, et al.,<br><br>  Defendants. | 1:06-cv-01701-LJO-GSA-PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WITHOUT IMPOSING SANCTIONS<br>(Doc. 118.) |

## I.  BACKGROUND

Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff by confining him in Ad-Seg under false pretenses and transferring him to another prison, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5

(Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1] (Doc. 16.)

On February 5, 2014, the court issued an order for Defendants to show cause why sanctions should not be imposed for their failure to fully comply with the court's order of December 9, 2013, which required Defendants to file oppositions to Plaintiff's four motions to compel. (Doc. 118.) On February 6, 2014, Defendants complied with the December 9, 2013 order by filing further opposition to Plaintiff's motions to compel. (Doc 119.) On March 5, 2014, Defendants filed a response to the court's order to show cause. (Doc. 121.)

## II.     DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Defendants counsel ("Counsel") requests the court to discharge the order to show cause, without imposing sanctions, because her failure to fully comply with the court's order of December 9, 2013 was inadvertent, and she rectified the error as soon as the mistake was recognized. Counsel asserts that when she filed Defendants' opposition to Plaintiff's motions to compel on January 23, 2014, she believed she had fully complied with the court's order. Counsel asserts that upon realizing the error, she immediately filed further opposition in full compliance with the order. Counsel asserts that she acted in good faith, without any intent to defy the Court's Order.[2]

///

///

---

[1] On March 12, 2012, Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, were dismissed by the Court based on Plaintiff's failure to exhaust remedies before filing suit. (Doc. 88.) The Court also dismissed defendants Meaders, Cuevas, and Johnson from this action, based on Plaintiff's failure to exhaust remedies for the claims against them before filing suit. (Id.) All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim. (Doc. 29.)

[2] Counsel also explains that she initially failed to file oppositions to Plaintiff's motions to compel because although she had prepared the oppositions, she failed to file the oppositions with the court due to inadvertence because of a change in office staff. Counsel asserts that she prepared an opposition to the motions that she believed was filed and served on October 3, 2013, but during that time Counsel's secretary transferred to another division, and the opposition was apparently overlooked and was never filed or served.

**Discussion**

Federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-66 (1980). Here, the court finds no evidence of bad faith or willful disobedience by Counsel in failing to fully comply with the court's order of December 9, 2013. Therefore, the court's order to show cause, issued on February 5, 2014, shall be discharged without imposing sanctions.

**III.   ORDER**

Accordingly, IT IS HEREBY ORDERED that the court's order to show cause, issued on February 5, 2014, is DISCHARGED without imposing sanctions.

IT IS SO ORDERED.

Dated:   **March 7, 2014**                        **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE