UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>D. G. ADAMS, et al.,<br><br>　　　Defendants. | 1:06-cv-01701-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br>(Docs. 108, 109, 110, 113; also resolves Doc. 120.)<br><br>ORDER REOPENING DISCOVERY FOR LIMITED PURPOSE<br><br>ORDER GRANTING PLAINTIFF LEAVE TO SERVE EACH DEFENDANT UP TO TWENTY- FIVE REQUESTS FOR ADMISSIONS AS INSTRUCTED BY THIS ORDER<br><br>30-DAY DEADLINE FOR PLAINTIFF TO SERVE REQUESTS FOR ADMISSIONS<br><br>**New Deadline To Complete Discovery:　　06/30/14**<br><br>**New Deadline To File Dispositive Motions:　08/29/14** |

## I.　　BACKGROUND

　　Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants

Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff by confining him in Ad-Seg under false pretenses and transferring him to another prison, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5 (Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1]  (Doc. 16.)

On January 4, 2013, the court issued a Scheduling Order establishing pretrial deadlines for the parties to this action, including a deadline of September 4, 2013 to complete discovery. (Doc. 98.)  The discovery deadline has not been extended; however, Defendants requested and were granted two extensions of time to respond to Plaintiff's Requests for Admissions, causing their responses to be due after the discovery deadline had expired.  (Docs. 103, 105, 106, 107.)

Now pending are four motions to compel further discovery responses filed by Plaintiff:

(1)  On September 23, 2013, Plaintiff filed a motion to compel Defendants to produce documents in response to Plaintiff's First Request for Production of Documents.  (Doc. 108.);

(2)  On October 28, 2013, Plaintiff filed a motion for the court to deem all challenged statements in Plaintiff First Request for Admissions admitted, or in the alternative, to compel Defendants to make further responses to Plaintiff's First Request for Admissions.  (Doc. 109.);

(3)  On November 4, 2013, Plaintiff filed a motion for the court to deem all challenged statements in Plaintiff Second Request for Admissions admitted, or

---

[1] On March 12, 2012, Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, were dismissed by the Court based on Plaintiff's failure to exhaust remedies before filing suit. (Doc. 88.)  The Court also dismissed defendants Meaders, Cuevas, and Johnson from this action, based on Plaintiff's failure to exhaust remedies for the claims against them before filing suit.  (Id.)  All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim. (Doc. 29.)

          in the alternative, to compel Defendants to make further responses to Plaintiff's Second Request for Admissions. (Doc. 110.); and

(4)    On November 25, 2013, Plaintiff filed a motion for the court to deem all challenged statements in Plaintiff Third Request for Admissions admitted, or in the alternative, to compel Defendants to make further responses to Plaintiff's Third Request for Admissions. (Doc. 113.)

On January 23, 2014, Defendants filed an opposition to Plaintiff's three Motions to Compel Admissions identified above as (2), (3), and (4). (Doc. 116.) On January 30, 2014, Plaintiff filed a reply to Defendants' opposition. (Doc. 117.)

On February 6, 2014, Defendants filed an opposition to Plaintiff's Motion to Compel Production of Documents identified above as (1). (Doc. 119.) On February 14, 2014, Plaintiff filed a reply to Defendants' opposition. (Doc. 120.)

Plaintiff's four Motions to Compel are now before the court.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

The acts Plaintiff complains of in the Second Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, while Plaintiff was housed there for approximately five months from March 18, 2005 to August 23, 2005. (Doc. 16 at 8:4-9). Plaintiff now proceeds on two claims: interference with outgoing mail and retaliation.

### *Outgoing Mail*

In his first claim, Plaintiff alleges a series of events wherein defendants Appeals Coordinators (C. L. Cooper, V. R. Garcia, and R. Hall), Mailroom Workers (K. Motty, R. Guerrero and Does 1-5), Sergeant Pugliese, and Lieutenant E. Smith variously delayed his outgoing mail due to issues of Plaintiff's compliance with indigent mailing requirements or regulations. (2d Amd Cmp, Doc. 16 at 21-42.)

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the

corrections system.  Pell v. Procunier, 417 U.S. 817 (1974).  Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved."  Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989) only as test relates to *incoming mail* - Turner test applies to incoming mail).

### *Retaliation*

In his second claim, Plaintiff alleges that defendants Warden Derral G. Adams, Associate Warden S. Sherman, Lt. E. Smith, Lt. J. T. Tucker, and Classification Services Representative D. Selvy retaliated against Plaintiff for his filing of inmate appeals by confining him in Ad-Seg under false pretenses and transferring him to another prison.  (2d Amd Cmp at 52-53).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

## III. LEGAL STANDARDS

### A. Rule 26(b)(1) – Scope of Discovery in General

"[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to

the subject matter involved in the action.     Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### B.     Rule 401 – Test for Relevant Evidence

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

### C.     Rule 26(b)(2) – Limitations on Frequency and Extent

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). "By order or local rule, the court may also limit the number of requests under Rule 36." Fed. R. Civ. P. 26(b)(2)(A).

### D.     Rule 34 – Production of Documents

"A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party . . . to inspect [and] copy . . . any designated documents . . . in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1). "The request must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P 34(b)(1)(A). The party to whom the request is directed must respond in writing within 30 days of being served that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2).

///

### E. Rule 36 – Requests for Admissions

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (1) facts, the application of law to fact, or the opinions about either; and (2) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). "Each matter must be separately stated[, and a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Fed. R. Civ. P. 36(a)(2).

Generally, Federal Rule of Civil Procedure 36(a) requires one of three answers to a request for admission: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter. Fed. R. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242 (9th Cir.1981). "The grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5).

"The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or than an amended answer be served." Fed. R. Civ. P. 36(a)(6).

"The Advisory Committee Notes to the 1970 amendment to Rule 36 explain the purposes of Rule 36: 'Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.' In short, '[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial.'" A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 254 (C.D.Ca. July 5, 2006) (quoting Asea, 669 F.2d at 1245). "'Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play.'" A. Farber & Partners, Inc., 237 F.R.D. at 254 (quoting Marchand v. Mercy Med. Ctr., 22 F.3d 933, 936-37 (9th Cir.1994)).

"As the Ninth Circuit has further held, [Rule 36] was amended in 1970 to adopt the majority view that a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him. 8 C. Wright & A. Miller, Federal Practice and Procedure § 2261, at 731 (1970)." A. Farber & Partners, Inc., 237 F.R.D. at 254 (quoting Asea, 669 F.2d at 1245 (citation omitted)). "As the Advisory Committee's Note explains, the Rule is 'in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process.'" Id. "Thus, Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts." A. Farber & Partners, Inc., 237 F.R.D. at 254. "Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." Id. "The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties . . . The operative words then are 'reasonable' and 'due diligence.'" Id. (citing Henry v. Champlain Enter, Inc., 212 F.R.D. 73, 78 (N.D.N.Y.2003) (citations omitted); T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y.1997); Herrera v. Scully, 143 F.R.D. 545, 548 (S.D.N.Y.1992)). "At a minimum, 'a party must make inquiry of a third party when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party.'" A. Farber & Partners, Inc., 237 F.R.D. at 254 (quoting Uniden America Corp. v. Ericsson Inc., 181 F.R.D. 302, 304 (M.D.N.C.1998)).

In Asea, supra, the Ninth Circuit held that a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter . . . Although the district

court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge." Asea, 669 F.2d at 1247.

### F. Rule 37 – Motions to Compel

A party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

If a party fails to obey an order to provide or permit discovery, the court may issue further just orders which may include compelling compliance with the order or imposing sanctions. Fed. R. Civ. P. 37(b).

## IV. PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff brings a motion to compel Defendants to comply with the court's order of August 2, 2013, which required Defendants to respond to Plaintiff's First Request for Production of Documents. Plaintiff also requests the imposition of sanctions for Defendants' failure to produce the requested documents or properly respond to Plaintiff's Request. Plaintiff asserts that Defendants failed to produce any documents whatsoever, and argues that their responses failed to comply with federal discovery rules.

Defendants assert that they responded as best they could, but Plaintiff did not specify specific documents, leaving Defendants to guess at which documents or items he was seeking. Defendants argue that Plaintiff's requests are overbroad, and that Plaintiff failed to describe the sought items with reasonable particularity.

///

Plaintiff replies by requesting that Defendants' opposition to the motion to compel be stricken from the record as untimely and procedurally defective, and to impose sanctions. Plaintiff argues that Defendants' opposition, filed more than eighty days after Plaintiff's motion to compel was filed and served, and more than two weeks after the court ordered Defendants to file their opposition, was clearly untimely under Local Rule 230(*l*) and out of compliance with the court's order. Plaintiff argues that Defendants have not shown good cause for their failure to comply with court rules, the court's order, and the discovery schedule.

Plaintiff also argues that Defendants' opposition of February 6, 2014, is completely nonresponsive to his motion to compel of September 17, 2013.

**Discussion**

Plaintiff's Request for Production of Documents (R-POD) contains thirty-nine requests. (Attachment 1 to Doc. 108 at 11-13.) Each of the first twenty-nine requests seeks "any and all documents" related to allegations found in specified numbered paragraphs in the Second Amended Complaint. (Id.) For example, the first three requests state as follows:

1. Any and all documents related to the allegations at ¶¶ 17-20 in Plaintiff's complaint concerning Defendants Adams, Cooper, Garcia, Hall, Pugliese, and Smith.

2. Any and all documents related to the allegations at ¶¶ 21-25 in Plaintiff's complaint concerning Defendants Adams, Cooper, Garcia, Hall, Pugliese, and Sherman.

3. Any and all documents related to the allegations at ¶¶ 26 and 27 in Plaintiff's complaint."

Each of the last ten requests seeks "any and all documents" related to Defendants' affirmative defenses, as specified in each request. (Id. at 3.) For example:

30. Any and all documents related to the affirmative defense in your Answers that Plaintiff failed to state a claim upon which relief can be granted.

31. Any and all documents related to the affirmative defense in your Answers that Plaintiff's claims are barred by the applicable statutes of limitations.

32. Any and all documents related to the affirmative defense in your Answers that Plaintiff's complaint is barred by the U.S. Constitution's Eleventh Amendment.

9

Defendants responded in writing to each of Plaintiff's thirty-nine Requests on September 4, 2013, with objections or other responses, without producing any documents. (Attachment 2 to Doc. 108 at 16-29.)

Plaintiff's Requests are unquestionably overbroad. Plaintiff fails to comply with Rule 34's requirement to "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P 34(b)(1)(A). Without more specific guidelines, it is impossible for Defendants to determine which of the documents in their control Plaintiff expects them to produce, or to know when they have completed searching for documents in response to the requests. Plaintiff's requests for "any and all documents" related to particular allegations or affirmative defenses do not set reasonable boundaries. Therefore, Plaintiff's motion to compel further production of documents shall be denied.

## IV.     PLAINTIFF'S MOTIONS TO COMPEL ADMISSIONS

Plaintiff has filed three motions to compel admissions, requesting the court to determine the sufficiency of Defendants' responses to his First, Second, and Third sets of Requests for Admissions. (Docs. 109, 110, 113.) Plaintiff requests the court to order all contested matters admitted, or require Defendants to file further responses.

### A.     Motion re First Request for Admissions (Doc. 109.)

Plaintiff asserts that on June 11, 2013, he served his First Request for Admissions, containing sixty-one numbered requests, upon each of eight defendants: Adams, Cooper, Garcia, Guerrero, Hall, Motty, Pugliese, and Smith. (Motion, Doc. 109 at 6:28-30; Attachment 1.) On October 1, 2013, Plaintiff received responses to each of the sixty-one requests from each of the eight defendants. (Id. at 6:31-32; Attachments 2-9.) Plaintiff requests the court to review defendants' responses to his requests for admissions (RFA) 2-26, 28-45, and 47-61, and either deem them admitted or require defendants to serve amended responses.

### B.     Motion re Second Request for Admissions (Doc. 110.)

Plaintiff asserts that on June 12, 2013, he served his Second Request for Admissions, containing one hundred forty numbered requests, upon each of five defendants: Adams, Selvy, Sherman, Smith, and Tucker. (Motion, Doc. 110 at 6:28-29; Attachment 1 at 40-49.) On

October 1, 2013, Plaintiff received responses to each of the one hundred forty requests from each of the five defendants.  (Id. at 6:30-31; Attachments 2-6.)  Plaintiff requests the court to review defendants' responses to his RFA 1-23, 25, 26, 28-40, 42-46, 48-54, 56-63, 65-76, 78, 79, 81-98, 100-107, 109-113, 115, 116, 118, 122-129, and 131-140, and either deem them admitted or require defendants to serve amended responses.

   **B.**  **Motion re Third Request for Admissions (Doc. 113.)**

   Plaintiff asserts that on June 20, 2013, he served his Third Request for Admissions, containing two hundred eighty numbered requests, upon each of eight defendants: Adams, Cooper, Garcia, Guerrero, Hall, Motty, Pugliese, and Smith.  (Motion, Doc. 113 at 7:6-7; Doc. 114, Attachment 1.)  On October 1, 2013, Plaintiff received responses to each of the two hundred eighty requests from each of the eight defendants.  (Id. at 7:8-9; Attachments 2-9.)  Plaintiff requests the court to review defendants' responses to RFA 1-280, and either deem them admitted or require defendants to serve amended responses.

   **C.**  **Defendants' Opposition to Plaintiff's Motions (Doc. 116.)**

   Defendants argue that Plaintiff's motions to compel further responses to his three sets of Requests for Admissions should be denied because some of his requests are unrelated or irrelevant to the claims at issue in this action, and Defendants properly objected and responded to Plaintiff's requests.  Defendants assert that Plaintiff propounded requests directed at Defendants' knowledge of people who are not associated with this action.  (*e.g.*, Plaintiff's Requests for Admissions Set Two, nos. 14, 16, 21, 59, 66, and 67.)  Defendants also assert that Plaintiff repeatedly requests information regarding his mother or her organization, concerning claims which were dismissed from this action.  (*e.g.*, Plaintiff's Requests for Admissions Set Two, nos. 17-20, 33, 36-38, 48, 51-53, 57, 60-62, 89-94, and 125-128.)  Defendants also assert that Plaintiff has propounded extensive requests based on his grievances and his placement at various times in administrative segregation.  (e.g., Plaintiff's Requests for Admissions Set Two, nos. 9-13, 34, 35, 40, 41, 43, 44, 46, 47, 54, 55, 63-65, and 68-87.)

   Defendants argue that Plaintiff's Requests for Admissions propounded on individual defendants appear to be identical and not specifically tailored to each defendant, although the

defendants held different positions at the prison and had differing responsibilities. Defendants argue that most of Plaintiff's Requests are objectionable, requiring legal conclusions not appropriate for requests for admissions, asking for information easily obtainable from another source, or are speculative, vague, and/or ambiguous. Defendants argue that the whole point of Plaintiff's requests appears to be to harass Defendants and their counsel.

Defendants assert that they responded to over two thousand requests, and the likely benefit of answering again is far outweighed by the burden. In the event that some of Defendants' responses are inadequate, Defendants request the court to limit Plaintiff to twenty-five requests for admission only, requiring him to reformulate his requests as contemplated by Rule 36.

### D. **Plaintiff's Reply**

Plaintiff requests the court to impose sanctions on Defendants for failure to comply with the court's order requiring them to file a response to *each* of Plaintiff's motions to compel, rather than filing only one response addressing multiple motions. Plaintiff argues that Defendants have waived their rights to oppose Plaintiff's motions because they failed, in their opposition, to dispute any of the facts, evidence, arguments, or legal authorities set forth in Plaintiff's motions. Plaintiff argues that Defendants have made only conclusory assertions without citing authority. Plaintiff also argues that Defendants are uncooperative, impractical, and non-sensible in responding to his Requests for Admissions and his Motions to Compel.

### E. **Discussion**

Plaintiff served more than 300 Requests for Admissions on each of 8 defendants, and 140 Requests for Admissions on each of 5 defendants, requiring Defendants to make more than 3,300 responses, collectively. As discussed above, it serves the principle of the discovery rules to impose a reasonable burden on the parties when its discharge will facilitate preparation for trial and ease the trial process. In this case, however, responding to this number of Requests is over burdensome. The court finds many of Plaintiff's Requests to be vague, duplicative, ambiguous, or concern multiple or irrelevant matters, requiring Defendants to expend excess time and resources in an attempt to make reasoned responses. Under Rule 36, "[e]ach matter

must be separately stated" to enable the responding party to simply "admit," "deny," or concisely respond why the party is unable to admit or deny. Fed. R. Civ. P 36(a)(2),(4). Plaintiff failed to comply with this directive.

With respect to Defendants' responses, the court finds many of them to contain boilerplate objections which are not specific to Plaintiff's Requests or to requests for admissions in general. Defendants appear to be unaware that requests for admissions may properly relate to the application of law to fact, or the opinions about either. Defendants have objected to many of Plaintiff's Requests as "vague as to time" when the Requests clearly state "[a]t all times relevant to Plaintiff's complaint." (See, e.g., RFA Set Two nos. 2-10, Doc. 110 at 216-219.) As discussed above, the parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct and should focus on the goal of the Rules, full and efficient discovery. Defendants failed to comply with this directive.

In light of the volume and deficiencies of the requests and responses, the court lacks the time and resources to properly review over 3,000 requests and responses. Therefore, Plaintiff's three motions to compel admissions shall be denied, and Plaintiff shall be granted an opportunity to serve further requests for admissions. Plaintiff shall be granted thirty days in which to serve up to 25 requests for admissions upon each of the 11 defendants, and discovery shall be reopened for this limited purpose. Defendants are required to respond to the requests within thirty days of the date of service of the requests. If the parties require an extension of time, they should file a motion for extension of time before their thirty-day deadlines expire.

Each of Plaintiff's requests must relate to a specific fact, the application of law to fact, or opinions about either, or the genuineness of any described document. A request to admit the genuineness of a document must be accompanied by a copy of the document. Plaintiff must fashion his requests to enable Defendants to either "admit," "deny," or answer concisely why they are unable to admit or deny. Plaintiff's requests may only concern matters relevant to the two claims upon which this action now proceeds, and Plaintiff must be specific in his descriptions of persons, places, times, events, versions of documents, etc., without ambiguity.

///

Requests should pertain to the individual Defendant who is asked to respond and should not be unreasonably duplicative or cumulative.

Defendants must fashion their responses to address each specific request and avoid boilerplate objections. As discussed above, a defendant may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him. Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control, and to state fully those efforts.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel production of documents, filed on September 23, 2013, is DENIED;

2. Plaintiff's motion to compel re First Set of Requests for Admissions, filed on October 28, 2013, is DENIED;

3. Plaintiff's motion to compel re Second Set of Requests for Admissions, filed on November 4, 2013, is DENIED;

4. Plaintiff's motion to compel re Third Set of Requests for Admissions, filed on November 25, 2013, is DENIED;

5. Plaintiff is granted leave to serve up to 25 requests for admission upon each of the 11 Defendants, within thirty days from the date of service of this order, as instructed by this order;

6. Defendants shall serve their responses to Plaintiff's requests for admissions within thirty days of the date of service of the requests, as instructed by this order;

7. Discovery is reopened until **June 30, 2014**, for the limited purpose of the parties' service of requests for admissions and responses pursuant to this order, and the filing of related motions to compel;

8. The deadline for the parties to file and serve pretrial dispositive motions is extended to **August 29, 2014**; and

9. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **March 10, 2014**                **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE