UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. G. ADAMS, et al.,<br><br>    Defendants. | 1:06-cv-01701-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER<br><br>ORDER DENYING MOTION TO DISQUALIFY MAGISTRATE JUDGE GARY S. AUSTIN FROM PARTICIPATION IN THIS CASE<br><br>(Doc. 125.) |

**I.    BACKGROUND**

Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff by confining him in Ad-Seg under false pretenses and transferring him to another prison, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5

(Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1] (Doc. 16.)

On March 26, 2014, Plaintiff filed a motion for reconsideration by the District Judge of the Magistrate Judge's order of March 11, 2014. (Doc. 125.) Plaintiff also brings a motion to disqualify Magistrate Judge Gary S. Austin from further participation in this case. (Id.) Defendants have not filed any opposition.

## II.   MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

### A.   Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or part thereof, objected to and the basis for that objection. This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" Local Rule 303(c). "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Local Rule 303(f). The clear error standard is highly deferential and is only met when "the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'" Cohen v. U.S. Dist. Court, 586 F.3d 703, 708 (9th Cir.2009) (citations omitted). The clear error standard applies to a district court's determination of whether to reconsider a magistrate judge's order regarding any pretrial matter, and requires that the reviewing court affirm unless, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. Alvariza v. Home Depot, 241 F.R.D. 663 (D. Colo. 2007). A magistrate judge's

---

[1] On March 12, 2012, Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, were dismissed by the Court based on Plaintiff's failure to exhaust remedies before filing suit. (Doc. 88.) The Court also dismissed defendants Meaders, Cuevas, and Johnson from this action, based on Plaintiff's failure to exhaust remedies for the claims against them before filing suit. (Id.) All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim. (Doc. 29.)

decision is "contrary to law" if it applies incorrect legal standard, fails to consider element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure. Morgal v. Maricopa County Bd. of Sup'rs, 284 F.R.D. 452 (D. Ariz. 2012).

### B.   Magistrate Judge's Order of March 11, 2014

The Magistrate Judge's order of March 11, 2014 denied five of Plaintiff's motions: (1) Motion to Compel Production of Documents (Doc. 108); (2) Motion for Court to Determine Sufficiency of Defendants' Responses to First Request for Admissions (Doc. 109); (3) Motion for Court to Determine Sufficiency of Defendants' Responses to Second Request for Admissions (Doc. 110); (4) Motion for Court to Determine Sufficiency of Defendants' Responses to Third Request for Admissions (Doc. 113); and (5) Motion to Strike Document and Impose Sanctions (Doc. 120).

The order denied Plaintiff's Motion to Compel Production of Documents, (Doc. 108), on the ground that Plaintiff's thirty-nine Requests for Production were "unquestionably overbroad" in violation of Fed. R. Civ. P. 34, making it "impossible for Defendants to determine which of the documents in their control Plaintiff expects them to produce, or to know when they have completed searching for documents in response to the requests." (Doc. 123 at 10:4-9.)

The order also denied Plaintiff's three Motions for Court to Determine Sufficiency of Defendants' Responses to Requests for Admissions, (Docs. 108, 109, 110), on the grounds that both Plaintiff's Requests and Defendants' Responses were deficient under the Federal Rules. The Magistrate Judge found that Plaintiff's "300 Requests for Admissions on each of 8 defendants, and 140 Requests for Admissions on each of 5 defendants" were overburdensome and failed to comply with Fed. R. Civ. P. 36 which requires "[e]ach matter [to] be separately stated." (Doc. 123 at 12:21-13:1.) Defendants' Responses were found to "contain boilerplate objections which are not specific to Plaintiff's Requests or to requests for admissions in general." (Id. at 13:4-6.) Plaintiff was granted leave to propound 25 new Requests for Admissions on each of the 11 defendants, and discovery was reopened for this purpose.

///

The Magistrate Judge did not address Plaintiff's Motion to Strike Document and Impose Sanctions, (Doc. 120), but found it to be resolved by the order.

### C.     Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's order on the grounds that the findings misstate the record, the Court failed to sanction Defendants for noncompliance with court orders and the Local Rules, and the Court improperly considered documents which Plaintiff had moved to strike. Plaintiff argues that the court did not fully explain its findings or cite sufficient legal authority in support of its rulings. Plaintiff also argues at length that the court mischaracterized some of his motions as *motions to compel* when they were instead *motions for the court to comply with Rule 36(a)(6)*, which requires the court to "determine the sufficiency of [each of] defendants' answers or objections" and order accordingly. (Doc. 125 at 11-13 ¶¶B1-9.)

### D.     Discussion

 "[A] district court 'has wide latitude in controlling discovery' and [] decisions governing discovery are highly fact-intensive." In re Anonymous Online Speakers, 661 F.3d 1168, 1176 (9th Cir. 2011) (quoting White v. City of San Diego, 605 F.2d 455, 461 (9th Cir. 1979); accord Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).

The Court has examined the order of March 11, 2014 and reviewed this entire case, including all of Plaintiff's objections, and finds that the Magistrate Judge appropriately considered the deficiencies in Plaintiff's Requests and Defendants' Responses, denied Plaintiff's motions, and ordered the parties to start anew with limited discovery. The guidelines in the order, for the parties' new discovery, are reasonable and should assist both parties to narrow their focus and avoid burdensome, overbroad, irrelevant, and boilerplate discovery requests and responses which are discouraged under the Federal Rules. Many of the misstatements in the order perceived by Plaintiff raise questions of semantics or choice of vocabulary, and not clear error. Any error found is of no consequence in light of the entire evidence and does not leave the court with a "definite and firm conviction that a mistake has been committed." The Court finds the Magistrate Judge's rulings to be within his discretion

and not contrary to law.  Thus, the Court does not find the Magistrate Judge's order of March 11, 2014 to be clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1)(A).  Therefore, the Magistrate Judge's order is affirmed, and Plaintiff's motion for reconsideration shall be denied.

**III.    DISQUALIFICATION OF JUDGE - 28 U.S.C. § 144**

  **A.    Legal Standard**

  Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  28 U.S.C. § 144; see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010).  Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, ... [and a] party may only file one such affidavit in any case."  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  Id. (citing *inter alia* United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied 440 U.S. 907 (1979).  "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits."  Id. (citing Azhocar, 581 F.2d at 738).

  The substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings.  Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994).  "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"  In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting

Liteky, 510 U.S. at 555). "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'" Id.

### B. Plaintiff's Motion

Plaintiff argues that Magistrate Judge Gary S. Austin has repeatedly demonstrated a personal bias or prejudice against Plaintiff and in favor of Defendants and Defendants' counsel. Plaintiff asserts that the Magistrate Judge "demonstrated such bias and prejudice by adjudicating five of [Plaintiff's] motions [in the order of March 11, 2014] contrary to law, on the basis of clearly erroneous factual findings, and otherwise against [Plaintiff] and in favor of Defendants and their counsel." (Doc. 125 at 26-27¶6.)

### C. Discussion

Plaintiff's motion for disqualification must be denied. Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extra-judicial source. As discussed above, a judge's rulings while presiding over a case do not constitute extra-judicial conduct. In re Focus Media, Inc., 378 F.3d at 930. Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration and motion for disqualification, filed on March 26, 2014, are DENIED.

IT IS SO ORDERED.

Dated: **April 22, 2014**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE