UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY K'NAPP,

        Plaintiff,

    vs.

D. G. ADAMS, et al.,

        DEFENDANTS.

1:06-cv-01701-LJO-GSA-PC

ORDER ADDRESSING PLAINTIFF'S
RULE 36(a)(6) MOTION
(Doc. 131.)

ORDER FINDING DEFENDANTS'
OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FOURTH REQUEST
FOR ADMISSIONS TO BE
SUFFICIENT

I.    **BACKGROUND**

      Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff by confining him in Ad-Seg under false pretenses and transferring him to another prison, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator

1

Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5 (Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1]  (Doc. 16.)

The discovery phase for this action concluded on August 15, 2014.  (Doc. 128.)  On August 15, 2014, Plaintiff filed a motion for the court to determine the sufficiency of Defendants' objections and answers to Plaintiff's Fourth set of Requests for Admissions.  (Doc. 131.)  Defendants have not filed a response to the motion.

## II.   PLAINTIFF'S ALLEGATIONS AND CLAIMS

The acts Plaintiff complains of in the Second Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, while Plaintiff was housed there for approximately five months from March 18, 2005 to August 23, 2005.  (Doc. 16 at 8:4-9.)  Plaintiff now proceeds on two claims: interference with outgoing mail and retaliation.

### *Outgoing Mail*

In his first claim, Plaintiff alleges a series of events wherein defendants Appeals Coordinators (C. L. Cooper, V. R. Garcia, and R. Hall), Mailroom Workers (K. Motty, R. Guerrero and Does 1-5), Sergeant Pugliese, and Lieutenant E. Smith variously delayed his outgoing mail due to issues of Plaintiff's compliance with indigent mailing requirements or regulations.  (2d Amd Cmp, Doc. 16 at 21-42.)

Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the

---

[1]On March 12, 2012, Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, were dismissed by the Court based on Plaintiff's failure to exhaust remedies before filing suit.  (Doc. 88.)  The Court also dismissed defendants Meaders, Cuevas, and Johnson from this action, based on Plaintiff's failure to exhaust remedies for the claims against them before filing suit.  (Id.)  All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim.  (Doc. 29.)

corrections system.  <u>Pell v. Procunier</u>, 417 U.S. 817 (1974).  Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved."  <u>Procunier v. Martinez</u>, 416 U.S. 396, 413 (1974) (overturned by <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989) only as test relates to *incoming mail* - <u>Turner</u> test applies to incoming mail).

### ***Retaliation***

In his second claim, Plaintiff alleges that defendants Warden Derral G. Adams, Associate Warden S. Sherman, Lt. E. Smith, Lt. J. T. Tucker, and Classification Services Representative D. Selvy retaliated against Plaintiff for his filing of inmate appeals by confining him in Ad-Seg under false pretenses and transferring him to another prison.  (2d Amd Cmp at 52-53).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983.  <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003).

## III.   LEGAL STANDARDS

### A.   <u>Rule 26(b)(1) – Scope of Discovery in General</u>

"[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to

the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### B.    Rule 401 – Test for Relevant Evidence

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

### C.    Rule 26(b)(2) – Limitations on Frequency and Extent

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). "By order or local rule, the court may also limit the number of requests under Rule 36." Fed. R. Civ. P. 26(b)(2)(A).

### D.    Rule 36 – Requests for Admissions

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (1) facts, the application of law to fact, or the opinions about either; and (2) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1).  "Each matter must be separately stated[, and a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Fed. R. Civ. P. 36(a)(2).

Generally, Federal Rule of Civil Procedure 36(a) requires one of three answers to a request for admission: (1) an admission; (2) a denial; or (3) a statement detailing why the

4

answering party is unable to admit or deny the matter.  Fed. R. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242 (9th Cir.1981).  "The grounds for objecting to a request must be stated."  Fed. R. Civ. P. 36(a)(5).

"The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or than an amended answer be served."  Fed. R. Civ. P. 36(a)(6).

"The Advisory Committee Notes to the 1970 amendment to Rule 36 explain the purposes of Rule 36: 'Rule 36 serves two vital purposes, both of which are designed to reduce trial time.  Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'  In short, '[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial.'"  A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 254 (C.D.Ca. July 5, 2006) (quoting Asea, 669 F.2d at 1245).  "'Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct.  They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play.'"  A. Farber & Partners, Inc., 237 F.R.D. at 254 (quoting Marchand v. Mercy Med. Ctr., 22 F.3d 933, 936-37 (9th Cir.1994)).

"As the Ninth Circuit has further held, [Rule 36] was amended in 1970 to adopt the majority view that a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him.  8 C. Wright & A. Miller, Federal Practice and Procedure § 2261, at 731 (1970)."  A. Farber & Partners, Inc., 237 F.R.D. at 254 (quoting Asea, 669 F.2d at 1245 (citation omitted)).  "As the Advisory Committee's Note explains, the Rule is 'in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process.'"  Id.   "Thus, Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control

and to state fully those efforts." A. Farber & Partners, Inc., 237 F.R.D. at 254. "Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." Id. "The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties . . . The operative words then are 'reasonable' and 'due diligence.'" Id. (citing Henry v. Champlain Enter, Inc., 212 F.R.D. 73, 78 (N.D.N.Y.2003) (citations omitted); T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y.1997); Herrera v. Scully, 143 F.R.D. 545, 548 (S.D.N.Y.1992)). "At a minimum, 'a party must make inquiry of a third party when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party.'" A. Farber & Partners, Inc., 237 F.R.D. at 254 (quoting Uniden America Corp. v. Ericsson Inc., 181 F.R.D. 302, 304 (M.D.N.C.1998)).

In Asea, supra, the Ninth Circuit held that a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter . . . Although the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge." Asea, 669 F.2d at 1247.

## IV. PLAINTIFF'S MOTION

Plaintiff brings a motion under Federal Rule of Civil Procedure 36(a)(6), requesting the court to determine the sufficiency of Defendants' responses to his Fourth set of Requests for Admissions. (Doc. 131.)

Plaintiff asserts that on May 27, 2014, he served a Fourth set of Requests for Admissions (RFA's) upon each of the eleven defendants, pursuant to the court's order of

March 10, 2014.[2]  (Motion, Doc. 131 at 7; <u>see</u> Exhibits to Plaintiff's Motion, Doc. 131 at 28 <u>et</u> <u>seq</u>.)  Plaintiff asserts that on July 14, 2014, the eleven defendants served their responses upon Plaintiff.  (<u>Id.</u>)  Plaintiff requests the court to review all of Defendants' responses to his RFA's and either deem them admitted or require defendants to serve amended responses.

Plaintiff argues that Defendants have impermissibly responded with boilerplate and blanket objections, failing to state with specificity why Plaintiff's RFA's are objectionable. Plaintiff also argues that Defendants erroneously objected to Plaintiff's RFA's as duplicative, compound, not separately stated, not a plain statement of fact, lacking in foundation, not calculated to lead to admissible evidence, vague, calling for speculation, presuming the truth of unestablished facts, and unintelligible.  Plaintiff also argues that responses to nearly identical RFA's are inconsistent from defendant to defendant.

**E.    <u>Discussion</u>**

The court has examined Plaintiff's Fourth set of RFA's and Defendants' responses, and finds that many of Plaintiff's RFA's violate Rule 36 and largely fail to comply with the court's order of March 11, 2014.

The court's order advised Plaintiff that a request to admit the genuineness of a document must describe the document and be accompanied by a copy of the document, pursuant to Rule 36(a)(2).  (Order, Doc. 123 at 13:22-23.)  Instead, in many of Plaintiff's RFA's, he refers Defendants to 247 pages of documents Plaintiff previously served upon Defendants.  Such a request, requiring a defendant to sort through 247 pages consisting of undescribed documents, violates Rule 36 and the court's order, and is also impermissibly overburdensome.

In many of his RFA's, Plaintiff refers Defendants back to information in his First, Second, and Third sets of RFA's without indicating where the information can be found. Plaintiff's prior RFA's consist of hundreds of individual requests.  It is overburdensome to

///

---

[2]The court's order of March 10, 2014 reopened discovery and granted Plaintiff leave to serve each defendant up to twenty-five requests for admissions as instructed by the order.  (Doc. 123.)

require Defendants to search through voluminous sets of prior RFA's in order to properly respond to a request.

The court's order instructed Plaintiff to limit his requests to matters relevant to the two claims upon which this action now proceeds, for retaliation and for interference with mail. (Order, Doc. 123 at 13:25-26.)  However, some of Plaintiff's RFA's improperly concern his mother's activities, which are not relevant to the claims at issue.

The court's order also instructed Plaintiff to fashion his requests to enable Defendants to either "admit," "deny," or answer concisely why they are unable to admit or deny.  (Order, Doc. 123 at 13:23-25.)  The court required each of Plaintiff's requests to relate to a specific fact, the application of law to fact, or opinions about either, or the genuineness of any described document, pursuant to Rule 36(a)(1).  (Id. at 13:21-22.)  Instead, many of Plaintiff's RFA's are impermissibly compound or contain multiple subparts, forcing Defendants to sort through requests within requests and either admit or deny each subpart, or raise objections.  For example, Plaintiff's RFA No. 2 for defendant Adams reads as follows:

> At all times relevant to the claims in Plaintiff's Second Amended Complaint (Doc. 16), Defendant Adams was the warden and chief executive officer of, at, and over all of the CDCR's entire SATF and thus ultimately responsible, next only to the Director/Secretary of the CDCR, for overseeing and ensuring the lawful operation of SATF, the training, supervision, discipline, and control of all CDCR employees at SATF, including Defendants Cooper, Garcia, Guerrero, Hall, Matty, Pugliese, Sherman, Smith, and Tucker, the lawful treatment and care of all CDCR prisoners at SATF, including Plaintiff, and for creating, approving, and implementing all internal customs, policies, practices, and procedures of, at, and for SATF.

This RFA violates the court's order and also Rule 36 which instructs that "[e]ach matter must be separately stated."  Fed. R. Civ. P. 36(a)(2).

The court finds that Defendants made a good faith attempt to provide well-reasoned responses to Plaintiff's RFA's, made proper admissions and denials, and raised appropriate objections.  While some of Defendants' objections contained boilerplate responses, Defendants nonetheless considered Plaintiff's requests and made responses when possible.  Therefore,

///

Defendants shall not be required to provide further responses to any of the requests in Plaintiff's Fourth set of RFA's.

**V.      CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's Rule 36(a)(6) motion, filed on August 15, 2014, is resolved; and

2.      Defendants are not required to provide further responses to any of the requests in Plaintiff's Fourth set of Requests for Admissions.

IT IS SO ORDERED.

Dated:   **October 6, 2014**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE