UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>D. G. ADAMS, et al.,<br><br>　　　　Defendants. | 1:06-cv-01701-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER<br><br>(Doc. 135.) |

**I.　　BACKGROUND**

　　Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 22, 2006. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff by confining him in Ad-Seg under false pretenses and transferring him to another prison, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator

Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5 (Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1]  (Doc. 16.)

On October 20, 2014, Plaintiff filed a motion for reconsideration by the District Judge of the Magistrate Judge's order of October 6, 2014.  (Doc. 135.)

## II.     MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

### A.     Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or part thereof, objected to and the basis for that objection.  This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'"  Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).  The clear error standard is highly deferential and is only met when "the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.' "  Cohen v. U.S. Dist. Court, 586 F.3d 703, 708 (9th Cir.2009) (citations omitted).  A magistrate judge's decision is "contrary to law" if it applies incorrect legal standards, fails to consider elements of applicable standards, or fails to apply or misapplies relevant statutes, case law, or rules of procedure.  Morgal v. Maricopa County Bd. of Sup'rs, 284 F.R.D. 452 (D. Ariz. 2012).

///

///

---

[1] On March 12, 2012, Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, were dismissed by the Court based on Plaintiff's failure to exhaust remedies before filing suit.  (Doc. 88.)  The Court also dismissed defendants Meaders, Cuevas, and Johnson from this action, based on Plaintiff's failure to exhaust remedies for the claims against them before filing suit.  (Id.)  All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim.  (Doc. 29.)

### B. Magistrate Judge's Order of October 6, 2014

The Magistrate Judge's order of October 6, 2014, addressed Plaintiff's Rule 36(a)(6) motion of August 15, 2014 and found Defendants' objections and responses to Plaintiff's Fourth Request for Admissions to be sufficient. The order found that many of Plaintiff's Requests for Admissions violated Rule 36 and largely failed to comply with the court's order of March 11, 2014 which had given Plaintiff specific instructions for preparing his Requests. The order found that Defendants had made a good faith attempt to provide well-reasoned responses to Plaintiff's Requests, made proper admissions and denials, and raised appropriate objections. The order also found that although Defendants' objections contained boilerplate responses, Defendants had nonetheless considered Plaintiff's requests and made responses when possible. The order concluded that Defendants were not required to provide further responses to any of the requests in Plaintiff's Fourth Request for Admissions.

### C. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's order on the grounds that the Magistrate Judge disregarded Defendants' failure to oppose his Rule 36(a)(6) motion, failed to independently address each of Plaintiff's arguments, wrongly accused Plaintiff of violating Rule 36(a)(2), wrongly accused Plaintiff of improperly referring Defendants to previous requests for admissions, and wrongly accused Plaintiff of failing to limit his requested admissions to issues relevant to his claims.

### D. Discussion

"[A] district court 'has wide latitude in controlling discovery' and [] decisions governing discovery are highly fact-intensive." In re Anonymous Online Speakers, 661 F.3d 1168, 1176 (9th Cir. 2011) (quoting White v. City of San Diego, 605 F.2d 455, 461 (9th Cir. 1979); accord Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).

The Court has examined the order of October 6, 2014 and reviewed this entire case, including all of Plaintiff's objections, and finds that the Magistrate Judge appropriately considered Plaintiff's Requests and Defendants' Responses and found Defendants' objections and responses to Plaintiff's Fourth Request for Admissions to be sufficient. Any error found is

Case 1:06-cv-01701-DAD-EPG   Document 140   Filed 10/24/14   Page 4 of 4

of no consequence in light of the entire evidence and does not leave the court with a "definite and firm conviction that a mistake has been committed." The Court finds the Magistrate Judge's ruling to be within his discretion and not contrary to law. Thus, the Court does not find the Magistrate Judge's order of October 6, 2014 to be clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1)(A). Therefore, Plaintiff's motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on October 20, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **October 24, 2014**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE