UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C. R. K'NAPP,<br><br>      Plaintiff,<br><br>  vs.<br><br>D. G. ADAMS, et al.,<br><br>      Defendants. | 1:06-cv-01701-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO FILE DOCUMENTS UNDER SEAL<br>(Doc. 139.) |

**I.     BACKGROUND**

Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff by confining him in Ad-Seg under false pretenses and transferring him to another prison, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5

(Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1]  (Doc. 16.)

On October 22, 2014, Defendants Adams, Selvy, Pugliese, Smith, Motty, Tucker, Sherman, Hall, Cooper, and Garcia ("Defendants") filed a motion for summary judgment, together with a request to file documents under seal.  (Docs. 36, 37.)  Defendants' request to file documents under seal is now before the court.

## II.     SEALED DOCUMENTS

### A.     Legal Standard

Federal courts have recognized a strong presumption that judicial records are accessible to the public.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).  Generally, if a party seeks to seal a judicial record, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue.  Kamakana, 447 F.3d at 1178.

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978).  Courts should

---

[1] On March 12, 2012, Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, were dismissed by the Court based on Plaintiff's failure to exhaust remedies before filing suit. (Doc. 88.)  The Court also dismissed defendants Meaders, Cuevas, and Johnson from this action, based on Plaintiff's failure to exhaust remedies for the claims against them before filing suit.  (Id.)  All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim. (Doc. 29.)

consider "the interests [of] the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602).

"Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (quoting Hagestad, 49 F.3d at 1434). In general, when "'court files might have become a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure. Kamekana, 447 F.3d at 1179 (internal citations and alterations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz, 331 F.3d at 1136.

**B.   Discussion**

Defendants request leave to file under seal Defendants' Exhibit F which consists of documents from the confidential section of Plaintiff's central file. These documents are offered as exhibits in support of Defendants' Motion for Summary Judgment. Defendants assert that they relied on portions of these documents in their Statement of Undisputed Facts. Defendants argue that these documents reflect material, the disclosure of which might jeopardize the safety and security of inmates and staff, and the institutions in which they are housed or work. Defendants assert that the documents contain the names of prison officials who interviewed and communicated with confidential informants, or other prisoners who provided information to staff during investigations. Defendants feel that the documents are important, in that they reflect the concerns of prison officials and their reasoning for placing Plaintiff into administrative segregation, and later transferring Plaintiff to another institution.

The court finds compelling reasons to justify sealing the records described by Defendants. Documents from the confidential section of a prisoner's central file which contain the names of prison officials who interviewed and communicated with confidential informants,

or other prisoners who provided information to staff during investigations, are documents traditionally kept secret.  Such records could easily become a vehicle for improper purposes, because the identification of officers working with confidential informants, and the disclosure of information related to prison investigations, would likely place prison staff, informants, and inmates at risk of serious physical, or even deadly, harm.  Here, the court's duty to insure the safety and security of prison staff and inmates outweighs the public's interest in disclosure of the information contained in the records.  The court finds the records relevant to Plaintiff's claims at issue in this action, as they reflect the reasoning of prison officials in confining Plaintiff in Ad-Seg and transferring him to another prison.  For these reasons, the court finds that Defendants have met their burden by articulating compelling reasons supported by specific factual findings to justify sealing the records at issue.

### III.    CONCLUSION

Based on the foregoing, upon the court's finding of compelling reasons, IT IS HEREBY ORDERED that Defendants' request for leave to file under seal Defendants' Exhibit F in support of Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated:    **November 24, 2014**              **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE