UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>    Plaintiff,<br><br>  vs.<br><br>D. G. ADAMS, et al.,<br><br>    Defendants. | 1:06-cv-01701-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 145.)<br><br>ORDER VACATING ORDER OF NOVEMBER 25, 2014<br>(Doc. 144.)<br><br>ORDER DENYING DEFENDANTS' REQUEST TO FILE DOCUMENTS UNDER SEAL<br>(Doc. 139.)<br><br>ORDER GRANTING PLAINTIFF SIXTY (60) DAYS IN WHICH TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |

## I.   RELEVANT PROCEDURAL BACKGROUND

Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 22, 2006.  (Doc. 1.)  This action now proceeds on the

Second Amended Complaint filed by Plaintiff on November 13, 2008, against defendants Warden Derral G. Adams, Lieutenant ("Lt.") E. Smith, Lt. J. T. Tucker, Associate Warden S. Sherman, and D. Selvy (Classification Services Representative), for retaliating against Plaintiff by confining him in Ad-Seg under false pretenses and transferring him to another prison, and against defendants K. Motty, Sgt. C. Pugliese, Lt. Smith, R. Guerrero, Appeals Coordinator Cooper, Appeals Coordinator V. R. Garcia, Appeals Coordinator R. Hall, and Does 1-5 (Mailroom Workers) for interfering with his right to send mail in violation of the First Amendment.[1]  (Doc. 16.)

On December 8, 2014, Plaintiff filed a motion for reconsideration by the District Judge of the Magistrate Judge's order of November 25, 2014, and a request for extension of time to file an opposition to Defendants' motion for summary judgment.  (Doc. 145.)  Defendants have not filed any opposition.

## II.    MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

### A.    Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or part thereof, objected to and the basis for that objection.  This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'"  Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).  The clear error standard is highly deferential and is only met when "the reviewing

---

[1] On March 12, 2012, Plaintiff's claims for retaliation based on allegations that defendants (1) denied him indigent correspondence supplies, (2) delayed his mail, (3) obstructed his outgoing mail, (4) denied him all but the May 2005 issue of his subscription of Prison Legal News, (5) issued a false disciplinary write-up against Plaintiff for having a clothesline inside his cell, and (6) instructed CDCR personnel at SATF to limit Plaintiff to a sixty-minute non-contact visit with a visitor who had come over 250 miles to see him, were dismissed by the Court based on Plaintiff's failure to exhaust remedies before filing suit.  (Doc. 88.)  The Court also dismissed defendants Meaders, Cuevas, and Johnson from this action, based on Plaintiff's failure to exhaust remedies for the claims against them before filing suit.  (Id.)  All other claims and defendants, other than those listed above, were dismissed from this action by the Court on August 17, 2009, based on Plaintiff's failure to state a claim.  (Doc. 29.)

court is left with a 'definite and firm conviction that a mistake has been committed.' " <u>Cohen v. U.S. Dist. Court</u>, 586 F.3d 703, 708 (9th Cir.2009) (citations omitted).  A magistrate judge's decision is "contrary to law" if it applies incorrect legal standards, fails to consider elements of applicable standards, or fails to apply or misapplies relevant statutes, case law, or rules of procedure.  <u>Morgal v. Maricopa County Bd. of Sup'rs</u>, 284 F.R.D. 452 (D. Ariz. 2012).

### B. <u>Magistrate Judge's Order of November 24, 2014</u>

On October 22, 2014, Defendants filed a Request to File Documents Under Seal ("Request").  (Doc. 139.)  On October 30, 2014, Plaintiff filed an opposition.  (Doc. 141.)  Defendants did not file a reply.

In their Request, Defendants sought leave to file, under seal, Exhibit F to their motion for summary judgment, because the exhibit contains documents from the confidential section of Plaintiff's central prison file.  Defendants asserted that the documents in question reflect material, the disclosure of which might jeopardize the safety and security of inmates and staff, and institutions in which they are housed or work.  Defendants also asserted that the documents contain the names of prison officials who interviewed and communicated with confidential informants, or other prisoners who provided information to staff during investigations.

On November 24, 2014, the Magistrate Judge issued an order granting Defendants' Request.  In the order, the Magistrate Judge found compelling reasons to justify sealing the described documents, because such documents are traditionally kept secret and could easily become a vehicle for improper purposes.  The Magistrate Judge found that the identification of officers working with confidential informants, and the disclosure of information related to prison investigations, would likely place prison staff, informants, and inmates at risk of serious physical, or even deadly, harm.  The Magistrate Judge also found that the court's duty to insure the safety and security of prison staff and inmates outweighed the public's interest in disclosure of the information contained in the records.

### C. <u>Plaintiff's Motion for Reconsideration</u>

Plaintiff objects to the Magistrate Judge's order on the grounds that the Magistrate Judge did not address Plaintiff's opposition to Defendants' Request, filed by Plaintiff on

October 30, 2014. In his opposition, Plaintiff argued that Defendants' Request failed to comply with Local Rule 141, because Defendants did not serve a copy of their documents on Plaintiff, failed to adequately describe the documents, and failed to adequately set forth the authority for sealing, the requested duration, and the identity of persons to be permitted access to the documents. Plaintiff also asserts that Defendants' Request did not state the total number of pages that were submitted to the court for *in camera* review, and did not set forth the basis for excluding Plaintiff from service of the documents they sought to file under seal. Plaintiff also argues that the Request did not comply with federal discovery rules, applicable case law, or Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff argues that he has been prejudiced by the Magistrate Judge's ruling, because he cannot adequately oppose the motion for summary judgment without viewing the documents. Plaintiff argues that that the Magistrate Judge's order was erroneous and contrary to law, because he failed to address Plaintiff's opposition and failed to apply Rule 141, Rule 56, other relevant statutes, case law, and rules of procedure when ruling on Defendants' Request.

D. **Analysis**

**Local Rule 141**

Under Rule 141, "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." L.R. 141(a). A party seeking to seal documents is required to file a "Notice of Request to Seal Documents," "Request to Seal Documents," a proposed order, and all documents covered by the request. L.R. 141(b). The Notice, which must be served on all parties, "shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties." Id. Further, "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." Id. "If the Request, proposed order, and/or documents covered by the Request were submitted without service upon one or more other parties, the Request also

shall set forth the basis for excluding any party from service." Id. "The documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request." Id.

**Discussion**

The Court has examined the order of November 25, 2014, considered Plaintiff's arguments, and reviewed this entire case. There is no evidence in the order or on the court's record that Defendants submitted the documents in question to the court for *in camera* review, served them on Plaintiff, or set forth a basis for excluding Plaintiff from service, as required by Rule 141. (Court Record.) Based on this record, the court finds that Defendants' Request should have been denied for failure to comply with Rule 141. Thus, the Court finds the Magistrate Judge's ruling of November 25, 2014 to be clearly erroneous and contrary to law. Therefore, the order shall be vacated, and Defendants' Request shall be denied for failure to comply with Rule 141.[2]

**III.   REQUEST FOR EXTENSION OF TIME**

Plaintiff has requested an extension of time to file an opposition to Defendants' motion for summary judgment of October 22, 2014. In light of the foregoing, and good cause appearing, Plaintiff shall be granted a sixty-day extension of time.

**IV.   CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on December 8, 2014, is GRANTED;
2. The court's order issued on November 15, 2014, is VACATED;
3. Defendants' Request to Seal Documents, filed on October 22, 2014, is DENIED for failure to comply with Local Rule 141; and

///

---

[2] Defendants are not precluded from renewing their Request in compliance with Rule 141 and all applicable statutes, case law, and rules.

4. Plaintiff is granted sixty days from the date of service of this order in which to file an opposition to Defendants' motion for summary judgment of October 22, 2014.

IT IS SO ORDERED.

Dated:  **January 12, 2015**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE