1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERIC CHARLES RODNEY K'NAPP,            No.  1:06-cv-01701-DAD-EPG-PC

12                    Plaintiff,

13          v.                               ORDER GRANTING IN PART PLAINTIFF'S
                                             REQUEST FOR JUDICIAL NOTICE
14    D. G. ADAMS et al.,
                                             (Doc. No. 167)
15                    Defendants.
                                             ORDER GRANTING PLAINTIFF'S MOTION
16                                           TO REOPEN TIME TO FILE APPEAL

17                                           (Doc. No. 168)

18                                           14-DAY DEADINE TO FILE APPEAL

19                                           ORDER FOR CLERK TO SEND COPIES TO
                                             PLAINTIFF
20

21

22

23          Eric Charles Rodney K'napp ("Plaintiff") is a state prisoner proceeding *pro se* with this

24    civil rights action filed pursuant to 42 U.S.C. § 1983.  On September 1, 2015, the magistrate

25    judge issued findings and recommendations, recommending that defendants' October 22, 2014

26    motion for summary judgment be granted.  (Doc. No. 154.)  On December 3, 2015, the court

27    adopted the findings and recommendations, judgment was entered in favor of defendants and the

28    case was closed.  (Doc. Nos. 164, 165.)

1

1    On March 9, 2016, plaintiff filed a request for judicial notice (Doc. No. 167), and on

2    March 31, 2016, plaintiff filed a motion to reopen the time in which to file an appeal (Doc. No.

3    168).  Defendants have not filed any opposition to either motion.

4                           REQUEST FOR JUDICIAL NOTICE

5    The court may take judicial notice of facts "not subject to reasonable dispute" either

6    because they are "(1) generally known within the territorial jurisdiction of the trial court or (2)

7    capable of accurate and ready determination by resort to sources whose accuracy cannot

8    reasonably be questioned."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *accord*

9    *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)).  The

10   court may take judicial notice of court records.  *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626,

11   635 n.l (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).

12   Plaintiff requests the court take judicial notice of the fact that he timely mailed objections

13   to the magistrate judge's September 1, 2015 findings and recommendations on November 24,

14   2015, and the fact that this case was closed on December 3, 2015.  The fact plaintiff mailed

15   objections to the court on a particular date appears to be an inappropriate subject for judicial

16   notice, because it is subject to reasonable dispute.  In any event, the court concludes that judicial

17   notice of this fact is unnecessary because plaintiff's objections to the findings and

18   recommendations in question were deemed timely filed and were fully considered by the court in

19   adopting the magistrate judge's findings and recommendations. (Doc. Nos. 162 (granting

20   plaintiff an extension to file objections by December 7, 2015), 164 (noting plaintiff's objections).)

21   Based on this court's records, the undersigned takes judicial notice that this case was closed on

22   December 3, 2015.  (*See* Doc. No. 164.)

23   Plaintiff asserts that since receiving the court's order dated November 24, 2015, he has not

24   received anything else from the court, let alone anything notifying him that his case was closed.

25   Plaintiff requests copies of all orders and other documents filed in this case after November 24,

26   2015, and a copy of the Court's docket sheet listing all documents that have ever been filed in this

27   case.  The court will provide plaintiff with copies of orders entered in this case after November

28   24, 2015, as well as a copy of the docket sheet for this case.

1    Plaintiff also requests that the court reopen this case but provides no reason for the

2  granting of such relief.  However, as discussed below, the court will grant plaintiff's motion to

3  reopen the time to file an appeal.  Accordingly, plaintiff's request (Doc. No. 167) is granted in

4  part.

5                    MOTION TO REOPEN TIME TO FILE APPEAL

6         Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides the exclusive means for

7  extending appeal time for failure to learn that judgment has been entered.  *In re Alexander*, 197

8  F.3d 421, 425 (9th Cir. 1999) (quoting 16A Charles Alan Wright et al., Federal Practice and

9  Procedure § 3590.6 at 228 (3d ed.1999)); *Nunley v. City of L.A.*, 52 F.3d 792, 799 (9th Cir. 1995);

10  *see also Baker v. California Youth Auth.*, No. 98-56962, 188 F.3d 512 (9th Cir. 1999) ("Rule

11  4(a)(6), not Rule 4(a)(5), covers the situation where a party's failure to receive notice of an order

12  precludes a timely appeal.") (citing *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1202 (5th

13  Cir. 1993).)

14         Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides:

15         **(6)    Reopening the Time to File an Appeal.**  The district court
             may reopen the time to file an appeal for a period of 14 days
16           after the date when its order to reopen is entered, ***but only if
             all*** of the following conditions are satisfied:
17
           **(A)**   the court finds that the moving party did not receive
18                    notice under Federal Rule of Civil Procedure 77(d)
                      of the entry of the judgment or order sought to be
19                    appealed within 21 days after entry;

20         **(B)**   the motion is filed within 180 days after the
                      judgment or order is entered or within 14 days after
21                    the moving party receives notice under Federal Rule
                      of Civil Procedure 77(d) of the entry, whichever is
22                    earlier; and

23         **(C)**   the court finds that no party would be prejudiced.

24  Fed. R. App. P. 4(a)(6) (emphasis added).

25         Rule 77(d)(1) of the Federal Rules of Civil Procedure provides:

26         **(d)    Serving Notice of an Order or Judgment.**

27         **(1)    Service.**  Immediately after entering an order or
                      judgment, the clerk must serve notice of the entry, as
28                    provided in Rule 5(b), on each party who is not in

                                         3

<blockquote>
default for failing to appear.  The clerk must record the service on the docket.  A party also may serve notice of the entry as provided in Rule 5(b).
</blockquote>

Fed. R. Civ. P. 77(d)(1).

Plaintiff requests that the court reopen the time for him to file an appeal in this case, pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure.  Plaintiff declares under penalty of perjury that he failed to file a timely appeal because he never received notice of the entry of judgment and therefore did not know when he needed to file a timely notice of appeal. Plaintiff declares as follows.  On November 24, 2015, he mailed his objections to the findings and recommendations to the court.  Plaintiff provided the court with an extra copy of the cover page of the objections and a self-addressed, stamped envelope, but he never received a conformed copy of the cover page from the court.  On or about March 1, 2016, plaintiff called a family member and asked her to look up his case on PACER and to find out if and when his objections were filed. On March 5, 2016, the family member told plaintiff that when she looked up this case on PACER, "PACER says your case was closed on December 3, 2015."  (Doc. No. 168 at 2:5.) Plaintiff then diligently mailed motions to the court on March 6, 2016 and March 31, 2016. Plaintiff claims that he never received the court's ruling on the motion for summary judgment at his prison address, or a final order or judgment closing the case, and had he received notice, he most definitely would have filed a notice of appeal immediately upon receipt of the final order and judgment.

The court's record reflects that plaintiff was properly served under Rule 77(d) with the court's December 3, 2016 order granting defendants' motion for summary judgment, which closed the case, and notice of entry of judgment.  (Doc. Nos. 164, 165.)  On December 3, 2015, immediately after entering the final order and judgment in this case, the Clerk of Court served notice of the entry, as provided in Rule 5(b),[1] on each party who was not in default for failing to appear, and recorded the service on the docket.  Plaintiff was served with copies of the two

/////

---

[1] Rule 5(b) allows the Clerk of the Court to mail the documents "to the person's last known address—in which event service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C).

1   documents at his address of record, to wit, California State Prison – Corcoran, P.O. Box 3471,

2   Corcoran, CA 93212-3471.

3          Nevertheless, the court finds plaintiff has satisfied the requirements of Rule 4(a)(6) for the

4   court to reopen the time to file an appeal.  Plaintiff states under penalty of perjury that he did not

5   receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order

6   sought to be appealed within 21 days after entry.  Plaintiff's motion to reopen the time for appeal

7   was filed on March 31, 2016, within 180 days after the judgment was entered on December 3,

8   2015.  Moreover, defendants have not opposed plaintiff's motion to reopen.  Accordingly, the

9   court has no evidence before it that any party would be prejudiced.  Therefore, plaintiff's motion

10  to reopen the time to file an appeal is granted.  Plaintiff is granted fourteen days from the date this

11  order is entered, in which to file a notice of appeal.   Plaintiff must file his notice of appeal with

12  the Clerk of the Court.  *See* Fed. R. App. P. 3(a)(1).

13                                                   ORDER

14      Based on the foregoing:

15      1.  Plaintiff's request for judicial notice (Doc. No. 167) is granted in part;

16      2.  Plaintiff's motion to reopen the appeal period (Doc. No. 168) is granted;

17      3.  Plaintiff's motion for ruling (Doc. No. 172) is denied as having been rendered moot by

18          this order;

19      4.  Plaintiff is granted fourteen (14) days from the date of this order, in which to file a

20          notice of appeal with the Clerk of the Court; and

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

5

1        5.  The Clerk of Court is directed to:

2           a.  send a copy of this order to the Ninth Circuit Court of Appeals;

3           b.  send to plaintiff copies of (i) the court's order issued on December 3, 2015; (ii) the

4              judgment entered on December 3, 2015; (iii) and the court's order issued on

5              December 4, 2015 (Doc. Nos. 164, 165, 166); and

6           c.  send to plaintiff a copy of the current docket sheet for this case.

7   IT IS SO ORDERED.

8   Dated:   **July 21, 2016**                    _____

9                                    UNITED STATES DISTRICT JUDGE

6